IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN DAVIS, | No. C 14-1204 SI |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; AND** |
| PFIZER, INC.; MCKESSON CORPORATION; and DOES 1-50, | |
| Defendants. | **(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMAND** |

Defendant Pfizer, Inc.'s motion to stay the proceedings, and plaintiff Kathleen Davis' motion to remand the action to state court, are scheduled for a hearing on April 25, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS Pfizer's motion to stay all proceedings in this case pending a final decision as to the potential transfer of this action by the Judicial Panel on Multidistrict Litigation ("JPML") and DENIES WITHOUT PREJUDICE plaintiff's motion to remand.

**BACKGROUND**

This is a products liability action related to Pfizer's prescription medication Lipitor. Plaintiff alleges that she developed type II diabetes as a result of ingesting Lipitor. Docket No. 1-2, Compl. ¶ 2. On February 21, 2014, plaintiff filed a complaint in the Superior Court for the County of San Francisco against defendants Pfizer and McKesson Corporation, alleging causes of action for: (1) strict

liability; (2) negligence; (3) breach of implied warranty; (4) breach of express warranty; (5) deceit by concealment; and (6) negligent misrepresentation. Docket No. 1-2, Compl. On March 14, 2014, Pfizer removed the action to this Court on the basis of jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1, Notice of Removal.

On February 18, 2014, the JMPL established MDL No. 2502, pending before Hon. Richard M. Gergel in the District of South Carolina, to coordinate pending federal Lipitor cases ("the Lipitor MDL"). *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2502, Docket No. 103 (J.P.M.L. Feb. 18, 2014). Pfizer has identified the present action as a potential tag-along action for transfer to the Lipitor MDL. By the present motion, Pfizer moves to stay the action pending a decision by the JPML as to the potential transfer of this action to the Lipitor MDL.[1] Docket No. 20 at 3-8. Also pending before the Court is plaintiff's motion to remand. Docket No. 15.

**DISCUSSION**

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court finds that a stay is in the interest of judicial economy and consistency because if this case is transferred to a MDL, the MDL judge can address the jurisdictional issues in a uniform manner. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) ("If the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred, judicial economy would be served by issuing the stay."); *Couture v. Hoffman-LaRoche, Inc.*, No. 12-cv-2657-PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) ("[D]eference to the MDL court for resolution of a motion to remand often provides 'the

---

[1] In addition, Pfizer argues the Court should stay the proceedings pending the Ninth Circuit's forthcoming en banc decision in *Romo v. Teva Pharm. USA, Inc.*, 731 F.3d 918, 923 (9th Cir. 2013), *reh'g en banc granted* 742 F.3d 909 (9th Cir. Feb. 10, 2014) and the companion case *Corber v. Xanodyne Pharms., Inc.*, 540 Fed. Appx. 650 (9th Cir. 2013), *reh'g en banc granted* 742 F.3d 909 (9th Cir. Feb. 10, 2014). Docket No. 20 at 8-10. Pfizer argues that the Ninth Circuit's decision in these cases will offer controlling guidance concerning the Court's resolution of plaintiff's motion to remand. *Id.*

opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'") (citation omitted); *see also Jones v. Bristol-Myers Squibb Co.*, No. 13-cv-2415, 2013 U.S. Dist. LEXIS 94933, at *7 (N.D. Cal. July 8, 2013) ("Courts in this district . . . have granted motions to stay in order to preserve judicial resources, even where jurisdictional questions and motions to remand are at issue."). The Court also finds that a stay will not prejudice plaintiff because the stay will only cause a slight delay in this action, which is still in the very early procedural stages. *See Fuller v. AmeriGas Propane, Inc.*, No. 09-cv-2616, 2009 U.S. Dist. LEXIS 71413, at *4-5 (N.D. Cal. Aug. 3, 2009) ("The Court observes no meaningful prejudice that a stay would cause to Plaintiff. Considering that both cases for which MDL treatment is sought are in very early procedural stages and that the MDL Panel is expected to hear this matter within a few months, any delay caused by this stay will be of very short duration, and unlikely to cause the degradation of memories or the loss of material evidence.").

Accordingly, for the foregoing reasons, the Court GRANTS defendant Pfizer's motion to stay the action pending a decision by the JPML as to the potential transfer of the action to the Lipitor MDL,[2] and DENIES plaintiff's motion to remand without prejudice to plaintiff refiling the motion either before this Court or the MDL court once the stay is lifted. *See, e.g.*, *Rouda v. Pfizer Inc.*, No. 14-cv-01195-JST, 2014 U.S. Dist. LEXIS 53229, at *4 (N.D. Cal. Apr. 14, 2014) (staying case in light of potential transfer to the Lipitor MDL and denying without prejudice plaintiff's motion to remand); *Little v. Pfizer, Inc.*, No. C-14-1177 EMC, 2014 U.S. Dist. LEXIS 54368, at *10 (N.D. Cal. Apr. 18, 2014) (same). This order resolves Docket Nos. 15, 20.

**IT IS SO ORDERED.**

Dated: April 21, 2014

SUSAN ILLSTON
United States District Judge

---

[2] Because the Court stays the action pending a decision on transfer by the JPML, the Court at this time declines to determine whether the action should also be stayed pending the Ninth Circuit's forthcoming decision in *Romo/Corber*.

3